.EDWIN PARDRIDGE v. MICHAEL BRENNAN, SPECIAL AD-
MINISTRATOR, IMPLEADED WITH ANNIE WALSH
AND JAMES PHILLIPS.[1]

*Equity—Bill to enjoin action in trover by special administrator—In-
sufficiency of averments.*

1. A *special* administrator brought an action of trover for the value
   of merchandise alleged to have been converted by the defendant
   after the death of the owner and prior to plaintiff's appointment.
   The defendant filed a bill to enjoin the prosecution of the suit,
   charging that he purchased the goods of a firm of which the de-
   ceased was the main member, and paid for the same, *after* his
   death, to a party whom he supposed was a member of the firm,
   and who sold him a portion of the goods, but who, as he
   is informed, was only a clerk, and who had paid the money
   over in whole or in part to the widow of the deceased, who was
   a legatee under his will, and the sole executrix thereof, but who
   had not accepted such trust, said special administrator having
   been appointed at the instance of creditors. The bill alleged the
   irresponsibility of the widow and clerk, and the conversion by
   them of said money, but did not charge that the special adminis-
   trator had received any of the same, or that he was conspiring
   with them to defraud the complainant. The bill prayed for an
   adjudication of the rights of complainant under said purchase,
   and, if found to be unauthorized, that the clerk and widow pay
   over the purchase price to the special administrator, who was

---

[1] See *Brennan v. Merchants' & Manufacturers' Nat. Bank,* 62 Mich.
343; *Smith v. Brennan,* Id. 349.

asked to disclose as to the moneys received by him belonging to
the deceased ; and if the court found such payment to have been
made to him by the clerk and widow, or their readiness to make
such payment, then that he be enjoined from prosecuting the
trover suit.

    *Held,* that the statements in the bill were insufficient as a basis.
for the relief prayed for against the administrator, as to whom
the bill was dismissed.

2. In such a case, process should be prayed for against the adminis-
trator as *such,* and not in his *individual* character ; but such de-
fect is a mere *irregularity,* and open to amendment.

Appeal from superior court of Detroit. (Chipman, J.)
Argued January 8, 1887. Decided January 27, 1887.

Bill filed to enjoin suit by special administrator for the
conversion of property belonging to the estate. Defendant
Brennan appeals. Reversed and bill dismissed. The facts.
are stated in the opinion.

*George W. Radford,* for complainant.

*John C. Donnelly,* for defendant.

CHAMPLIN, J.   A bill of complaint was filed in the superior
court of the city of Detroit, of which the following is a copy :.

"Edwin Pardridge, of the city of Chicago, county of
Cook, and State of Illinois, brings this his bill against Annie
Walsh, James Phillips, and Michael Brennan, all of the city
of Detroit, county of Wayne, and State of Michigan. And.
thereupon your orator complains and says:

"1. That your orator is engaged in the dry-goods business
in the said city of Detroit, and that said business is more par-
ticularly carried on and managed by Willis D. Nye as the
agent of your orator.

"2. That, in the regular course of said business, your
orator has from time to time, for a number of years, pur-
chased, at auction and otherwise, goods and merchandise of
the firm of Thomas Walsh & Co., auctioneers, etc., which
said firm of Thomas Walsh & Co., at the time hereinafter
mentioned, was, and for some years had been, doing business
under said firm name in the city of Detroit aforesaid ; that
the principal member of said firm was the late Thomas

Walsh, but your orator alleges that he, and his said agent Nye, were led to suppose, and from the manner in which said business was conducted had good reason to believe, that said firm contained other members, and especially that the defendant James Phillips was a partner of the said Walsh in said business at the time of the transactions hereinafter stated.

"3. That on the sixteenth day of September, 1885, said Nye, as agent for your orator as aforesaid, attended an auction sale at the store of said Thomas Walsh & Co., No. 17 Monroe avenue, in said city of Detroit, and purchased at said auction sale certain goods and merchandise from said firm, for which he agreed to pay a certain sum; that said sale was regularly conducted, as had been other previous sales of said firm; and that nothing occurred at such sale to arouse the suspicion of your orator's agent aforesaid, as your orator is informed and believes, and that said goods were purchased by said Nye, as agent of your orator, at full and fair value.

"4. That subsequent to said purchase of said goods, and on, to wit, the seventeenth day of September, 1885, the defendant James Phillips came to said Nye, agent as aforesaid, at your orator's store in Detroit, and offered to duplicate said sale made to your orator on the day previous, and to sell to your orator a like bill of goods as your orator had purchased at auction as aforesaid, for a like price, and that said Nye, as agent for your orator, bought said second lot of goods as so offered, and afterwards, to wit, on the eighteenth day of September, 1885, all of said goods were delivered by said Thomas Walsh & Co., to your orator, at your orator's stores, Nos. 14 and 16 Monroe avenue, in said city of Detroit.

"5. That afterwards, and on, to wit, the twenty-first day of September, 1885, said Phillips came to said Nye, agent of your orator, and presented to him a bill bearing date September 16, 1885, for both of said lots of goods purchased by your orator as aforesaid, and said Nye delivered to said Phillips a check for $3,696.10 in payment thereof in full, and said Phillips at the same time delivered to said Nye a receipt for the same, signed, 'Thomas Walsh & Co., per J. Phillips;' true copies of which said bill, check, and receipt are attached hereto, marked 'Exhibits A, B, and C,' respectively, and made a part of this bill of complaint.

"6. Your orator further alleges, upon information and belief, that after your orator's purchase of the goods, as hereinbefore set forth, of Thomas Walsh & Co., to wit, on the sixteenth day of September, 1885, and before your orator made payment therefor, as stated, on the twenty-first day of Sep-

tember, 1885, Thomas Walsh, of said Thomas Walsh & Co., died. The exact time of his death your orator does not know, but alleges the same to have occurred between the sixteenth and twenty-first days of September, 1885.

" 7. Your orator further shows, upon information and belief, that Annie Walsh, defendant herein, is the widow of said Thomas Walsh, deceased, and that the defendant James Phillips has paid over to said defendant Annie Walsh a part or all of the money paid by your orator for said goods purchased, as aforesaid, from Thomas Walsh & Co.

" 8. Your orator further alleges that said Thomas Walsh, deceased, left a last will and testament, duly executed, which said will was filed in the probate court for the county of Wayne on the twenty-third day of September, 1885, a copy of said will being hereto attached, marked 'Exhibit D,' and made a part of this, your orator's bill of complaint. And your orator further alleges that he has caused an examination to be made of the records of said probate court, and that said Annie Walsh, although named as sole executrix of said will, has failed and neglected to make any application for the probate of said will, or her acceptance of the trust imposed upon her by said will.

" 9. Your orator further shows unto the court that the defendant Michael Brennan, as special administrator of the estate of said Thomas Walsh, deceased, on the twenty-sixth day of October, 1885, instituted a suit on the law side of this honorable court in trover against your orator, and has attached your orator's property, for the purpose of recovering from your orator said goods, or their value, so purchased from said Thomas Walsh & Co., and paid for as hereinbefore alleged; that hereto attached, marked 'Exhibit E,' is a copy of the affidavit of the said Michael Brennan, upon which he caused the issuance of the writ of attachment against your orator aforesaid, and which affidavit your orator makes a part of this his bill.

" 10. Your orator further alleges that said Michael Brennan was appointed special administrator of the estate of said Thomas Walsh, deceased, upon the application of one of the creditors of said Thomas Walsh; that at the time of his bringing said suit against your orator, and for some time prior thereto, said Brennan knew well all the facts hereinbefore stated as to the purchase of and payment for said goods, and of the payment of the money therefor over to Annie Walsh by said Phillips.

" 11. Your orator further alleges that said goods were

purchased by your orator in good faith, and also that said payment was made therefor by said Nye to said Phillips only after said Phillips positively assured and represented to said Nye that he, said Phillips, had full power and authority to sell and deliver said goods, and receive payment therefor, and that in making such payment your orator relied entirely upon such assurances and representations of the said Phillips, and upon the full belief that the said Phillips was a partner of the said Thomas Walsh in the business aforesaid; but your orator avers that he has, since such payment, been informed and believes that said Phillips had no such authority, either in fact or law, and that he was only a clerk in the employ of said Thomas Walsh, and that he, the said Phillips, combined and confederated with the defendant Annie Walsh, and with divers other persons as yet to your orator unknown (but whose names, when discovered, your orator prays may be inserted herein, and they made parties hereto, with proper and apt words to charge them), to cheat and defraud your said orator out of said money, as aforesaid; that said defendants Phillips and Annie Walsh have converted the money so paid by your orator for said goods to their own use.

"And your orator further shows unto the court, upon information and belief, that the defendants James Phillips and Annie Walsh are financially irresponsible, and your orator has good reason to believe that, unless restrained by the court, said defendants will squander said money paid by your orator as aforesaid; and, in case your orator be found liable to said defendant Brennan in the suit at law so brought by him against your orator as aforesaid, then your orator will be and now is remediless, and will suffer great loss. All of which actings, doings, and pretenses of the said defendants are contrary to equity and good conscience, and tend to the manifest wrong, injury and oppression of your orator, for which your orator has no sufficient remedy at and by the strict rules of the common law.

"Your orator therefore prays the aid of this honorable court in the premises, and that this court may determine by its decree herein—

"1. Whether the said purchases of the goods made by your orator, as aforesaid, from said Thomas Walsh & Co., were made of, and payment made to, the proper party, having right and authority to the same.

"2. That if the court shall determine that said defendant Phillips had no authority to sell, deliver, and receive payment for said goods as aforesaid, then that your orator have

a decree for the repayment, by said defendants Phillips and
Annie Walsh, of said money to your orator, or that the same
be paid to said Brennan as special administrator, or his suc-
cessors, or to the proper personal representatives of said
Thomas Walsh, deceased.

"3. That said defendant Michael Brennan may make dis-
closure as to the moneys received by him as special adminis-
trator of said Thomas Walsh, deceased; and if it be found
that said Phillips or said Annie Walsh have paid over, or are
ready to pay over, to said Brennan, special administrator,
said money paid to said Phillips by your orator as aforesaid,
then that said Brennan, special administrator, be enjoined
from prosecuting said suit instituted against your orator as
aforesaid, and that said Brennan, special administrator, be
enjoined from prosecuting said suit until the determination
of this suit.

"4. Your orator further prays that a receiver may be ap-
pointed by this court, with full power to demand immediate
payment to him, by either or both of said defendants James
Phillips and Annie Walsh, or their or each of their agents or
attorneys, of the said sum of money, to wit, three thousand
six hundred and ninety-six dollars and ten cents, so paid as
aforesaid by your orator to said defendant James Phillips, to
be held by said receiver as this court may direct, and to await
the final disposition thereof by the decree of this court in
this case; and your orator prays that the said defendants
Annie Walsh and James Phillips may be directed, by a per-
emptory order of this court, to forthwith pay and surrender
said sum of money to such receiver as aforesaid.

"5. And your orator further prays that, in case this hon-
orable court does not appoint a receiver as hereinbefore
prayed, then that said defendants Phillips and Annie Walsh,
or their or each of their agents or attorneys and servants, be
restrained and enjoined from disposing of, or in anywise
transferring any of, said money received from your orator as
aforesaid, or any property, moneys, or effects in their hands
which have been received by them, or either of them, since
the death of said Thomas Walsh, deceased, directly or indi-
rectly from his estate, or which said Annie Walsh and said
Phillips received from the business and resources of the said
firm of Thomas Walsh & Co. during the last sickness of said
Thomas Walsh, deceased; and that they, or either of them,
if they have removed such property, money, or effects
out of the jurisdiction of this court, be decreed to bring
such property, money, or effects again within the jurisdic-

tion of this honorable court; and that they, and each of them, be decreed to hold such property, money, and effects in trust for your orator; and if any liability be established from your orator to Michael Brennan, special administrator of Thomas Walsh, deceased, in said suit inst tuted by him against your orator as aforesaid, then that the amount of such liability, if any, may be decreed by this honorable court to be paid to your orator out of the property, moneys, and effects in the hands and possession of said Phillips and Annie Walsh, obtained by them, or either of them, as aforesaid.

"Your orator further states that he is ready and willing to prove the allegations of this his bill in such manner as this court may direct, and that this bill is brought as soon after the discovery of the frauds as the circumstances could be investigated, and that your orator's bill could be prepared.

"May it please the court to grant unto your orator the writ of injunction in the usual form, and in accordance with the foregoing prayer therefor.

"Also may it please the court, the premises being considered, to grant unto your orator the writ of subpœna in the usual form, to be issued out of and under the seal of this honorable court, the same to be directed to the defendants, James Phillips, Annie Walsh, and Michael Brennan, and thereby commanding them, and each of them, on a certain day and under a certain penalty, to be therein inserted, personally to be and appear unto this court, then and there to show cause, if they can, why your orator should not have the relief prayed for herein; and also there to make full, true, and complete answer, without oath (answer under oath being hereby expressly waived), to all and singular the premises, and to all the separate matters hereinbefore stated and charged, as fully and particularly as if the same were repeated and they interrogated as to each of said matters, and to stand to and abide by such further order, direction, and decree as this court shall make, and as shall be agreeable to equity and good conscience."

To this bill of complaint the defendant Michael Brennan interposed a general demurrer for want of equity. Such demurrer admits all the allegations of the bill that are well pleaded.

The parties defendant in a bill of complaint are those against whom process of subpœna is prayed.

There is no process of subpœna prayed against the defend-

ant Brennan in his representative .capacity. He is proceeded against in his individual capacity. The bill against Brennan is brought for the purpose of enjoining proceedings at law; that is, the prosecution of the trover suit. But that suit was instituted by Brennan as the special administrator of the. estate of Thomas Walsh, deceased. I merely point out this in passing. Such defect would be open to amendment, and the case is not disposed of on this ground.

The only relief prayed against Brennan is the following :

That Michael Brennan may make disclosure as to the moneys received by him as special administrator of said Thomas Walsh, deceased; and if it be found that said Phillips or said Annie Walsh have paid over, or are ready to pay over, to said Brennan, special administrator, said money paid to said Phillips by complainant, then that said Brennan, special administrator, be enjoined from prosecuting said suit instituted against complainant, and that said Brennan, special administrator, be enjoined from prosecuting said suit until the determination of this suit; and if any liability be established from complainant to Michael Brennan, special administrator of Thomas Walsh, deceased, in said suit instituted by him against complainant, then that the amount of such liability, if any, may be decreed to be paid to complainant out of any property, moneys, and effects in the hands and possession of said Phillips and Annie Walsh, obtained by them, or either of them, as stated in the bill of complaint.

There is no prayer for general relief. The bill contains no statement or charge that the money paid over to Phillips, or any part thereof, has come to the hands of Brennan, special administrator. On the contrary, it expressly charges that Phillips and Annie Walsh have converted the money so paid by complainant to their own use; that they are irresponsible, and, unless restrained, will squander said money; and, if it should be found that complainant was liable in said suit at law, he would be remediless. There is therefore no statement or charge in the bill upon which Brennan, as special administrator, can be called upon to make disclosure as to the moneys received by him as special administrator of Thomas

Walsh, deceased. There is no charge that Brennan is conspiring with Phillips and Mrs. Walsh to cheat or defraud complainant, or that he is engaged in carrying out a fraud previously concocted. And no reason is shown by the bill why the administration of the estate should be interfered with or arrested in this manner.

The complainant prays that if it should appear that Brennan has received any of the money complainant paid to Phillips, which he alleges Phillips and Mrs. Walsh have converted to their own use, or if Phillips and Mrs. Walsh are ready to pay it over to him, then that he be enjoined from prosecuting the trover suit. These statements are entirely insufficient to base the relief prayed for upon. If his statements relating to the manner of dealing with Thomas Walsh & Co., and with Phillips as a member thereof, be true, or if the fraud alleged as against Thomas Walsh be true, they are available in his defense of the trover suit. If there was no fraud or was no partnership, it is difficult to see how he can reach the general assets of the estate, without averring, which he does not do, and proving, that the administrator has received the money which belongs to him. Whatever his remedy may be against Phillips and Mrs. Walsh, I do not think he has made a case for the relief prayed for against the special administrator.

The decree of the circuit court must be reversed, and the bill of complaint dismissed as to the defendant Michael Brennan, with costs of both courts. The record will be remanded for further proceedings as to the defendants Walsh and Phillips.

The other Justices concurred.